## Commonwealth v. Lowary, Jr.

*Elliott D. Goldberg*, for Commonwealth.

*William J. Gallagher*, for defendant.

KURTZ, P. J., January 26, 1972.—The only question presented by the post trial motions filed in this case is this: Is a spring-activated hand gun which shoots pellets shaped as small steel balls commonly called BB's a "firearm" within the meaning of section 716 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4716, which proscribes the pointing of "a gun, pistol or other firearm at any other person." We think that it is.

The weapon in question which was offered into evidence resembled an Army automatic or an Army ".45." It was not denied that it had been pointed at one or more persons in a tavern. The pellet which it projected was impelled by the uncoiling of a contracted spring which was released by the application of pressure upon a trigger. There is no evidence as to its muzzle velocity or other like characteristics from which its penetrating power or other damage-causing propensities might have been inferred.

Section 628 of the code, supra, as amended, 18 PS §4628, defines a "firearm" as "any pistol or revolver with a barrel less than twelve inches . . ." Section 625 thereof, 18 PS §4625, which has been repealed insofar as its provisions are inconsistent with those of the Act of July 10, 1957, P. L. 679, sec. 1, et seq., 18 PS §§3841, et seq., makes it a summary offense to discharge "a flobert rifle, air gun, spring gun, or any implement which impels with force a metal pellet of any kind" upon the streets or alleys of a city or borough. The Act of 1957, supra, prohibits the sale, etc. of "air rifles" to anyone under the age of 18 years and directs that it

shall be unlawful for a person of that age to carry or discharge such a rifle under the circumstances therein specified. Section 1 thereof defines "air rifles" to include "any air gun, air pistol, spring gun, spring pistol, B-B gun, or any implement that is not a firearm, which impels a pellet of any kind with a force that can reasonably be expected to cause bodily harm."

Our problem is one of ascertaining legislative intent. The definition of a "firearm" as set forth in section 628 of the code is broad enough to include the weapon with which we are here concerned. The effect of the statute later enacted and of section 625 of the code was to place additional restrictions upon the use of a particular kind of firearm under the conditions set forth in those enactments. The latter act deals with a designated type of firearm in the hands of one under the age of 18 years. Section 625 proscribes the discharge of the type of weapon therein specified upon the streets or alleys of boroughs or cities, whether or not they are pointed at another person.

Obviously, the evil legislated against by the statute under which defendant was tried was the putting in fear of those at whom a firearm is pointed or discharged. The other enactments we have cited are directed toward the abatement of the evil of a dangerous instrument in the hands of one who, because of his age, might act carelessly, or who might discharge it in a place where there is a likelihood of harm to others from its use. An instrument which resembles a gun or pistol and is capable of discharging a projectile is just as likely to put the one accosted in fear as is one which is activated by the ignition of gunpowder.

We understand that because the statute now being interpreted is penal in character, we must construe it strictly so as to protect the rights of the accused. That rule of construction does not militate against the

conclusion we have reached. A "firearm" is a "pistol" and the weapon before us is also a pistol within the meaning of the statute; a hand gun. The motions in arrest of judgment and for a new trial are refused.